# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ANDRE CHRISTOPHER MYERS, | ) | |
| Movant, | ) ) ) | |
| v. | ) ) | Case No. CV412-167 CR495-123 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Andre Christopher Myers has submitted for filing his third 28 U.S.C. § 2255 motion attacking the same drugs-based conviction that he previously challenged under § 2255. CR495-123, doc. 1155; *see also* doc. docs. 803, 849, 863 (first § 2255 motion and rulings denying it); docs. 1063 & 1064 (second § 2255 motion and adverse ruling). Since this is a successive § 2255 motion, Myers must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."[1] 28 U.S.C. § 2244(b)(3)(A); *see* 28 U.S.C. § 2255(h) (cross-referencing § 2244 certification requirement).

---

[1] He claims that he is entitled to relief pursuant to *Depierre v. United States*, ___ U.S. ___, 131 S. Ct. 2225 (2011). Doc. 1156. The Court takes no position on the retroactivity of that case or its application to him.

In fact, district courts *must* dismiss second or successive petitions, without awaiting any response from the government, absent prior approval by the court of appeals. *Levert v. United States*, 280 F. App'x 936, 936 (11th Cir. 2008) (per curiam) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition."); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997) (same); *Mattox v. United States*, 2012 WL 555799 at *1 (11th Cir. 2012) ("When a prisoner has previously filed a § 2255 motion ..., he must apply for and receive permission from us before filing a successive § 2255 motion") (quotes and cite omitted).

Because Myers has filed this latest § 2255 motion without prior Eleventh Circuit approval, this Court is without jurisdiction to consider it. Consequently, it should be **DISMISSED** as successive. Applying the Certificate of Appealability ("COA") standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009) (unpublished), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there

are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 13th day of June, 2012.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA