UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| ANDRE CHRISTOPHER MYERS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV413-221 |
| ) | CR495-123 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Through his 28 U.S.C. § 2255 motion Andre Christopher Myers challenges the enhanced sentence he received upon his 1995 drug conspiracy conviction. He contends that a prior state-court conviction was vacated, so the enhancement must be dissolved.[1]

---

[1] This is his fourth § 2255 motion. CR495-123, doc. 1206; *see also* docs. 803, 849, 863 (first § 2255 motion and rulings denying it); docs. 1063 & 1064 (second § 2255 motion and adverse ruling); docs. 1155 & 1161 (third § 2255 motion and adverse ruling). Upon preliminary review under § 2255 Rule 4(b), the Court *sua sponte* dismissed it as successive. Doc. 1216, *adopted*, doc. 1219. Citing *Boyd v. United States*, 754 F.3d 1298 (11th Cir. 2014), the Eleventh Circuit reversed, holding it was *not* successive "because his actual innocence claim based on the vacatur of his state-court conviction did not exist [in 2002, when this Court denied his first § 2255 motion on the merits]." *Myers v. United States*, 617 F. App'x 923, 924 (11th Cir. 2015).

Myers was convicted in 1995 of drug conspiracy charges and faced a 21 U.S.C. § 851 sentence enhancement premised on two prior felony drug offenses. Doc. 417 at 1 ("seeking enhanced punishment . . . under 21 U.S.C. §§ 841, 846 and 851" based on a marijuana-possession prior and a possession with intent to distribute (PWID) prior conviction); Presentence Report (PSR) at 8-9. To support the § 851 enhancement that he ultimately received, the Government had to show that he possessed at least 50 grams of cocaine base (hence, "crack cocaine") and had at least *one* prior drug conviction.[2] The district judge determined "that at a very

---

[2] For cocaine, 21 U.S.C. § 841(b)(1)(A)-(C) states, in pertinent part:

(A) In the case of a violation of subsection (a) of this section involving—
....
(ii) 5 kilograms or more of a mixture or substance containing a detectable amount of—
(I) coca leaves ...;
(II) cocaine, its salts, optical and geometric isomers, and salts of isomers;
(III) ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
(IV) any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subclauses (I) through (III);

(iii) 50 grams or more of a mixture or substance described in clause (ii) which contains cocaine *base*;
....

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ... [and if] any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years and not more than life imprisonment ... [and if the violation is] after two or more prior convictions ... have become final, such person shall be sentenced

2

minimum that in excess of 1.5 kilograms of cocaine should be attributed to Mr. Myers in this case." Doc. 661 at 15. He also accepted the PSR's determination that Myers in fact committed the two prior convictions. Under 21 U.S.C. § 841(b)(1)(A)-(C), a "cocaine-only" conviction exposed Myers to a "ten to life" penalty, while cocaine plus one prior meant "twenty to life," and plus two meant life with no parole. *See supra*, n. 1.

Myers obviously received the "plus one prior" (hence, twenty-to-life maximum exposure) sentence, as this Court previously noted. Doc. 849 at 3 n. 1. This fact is reaffirmed, the Government points out (doc. 1261 at 5), by the fact that he has since enjoyed two sentence reductions (docs. 1073 & 1253) -- something that would not have occurred on a life-with-no-parole mandatory maximum sentence. Since only one prior conviction is needed to support that § 851-enhanced, twenty-to-life sentence, and the PWID prior conviction is still extant,[3] Myers' §

---

to a mandatory term of life imprisonment without release....

21 U.S.C. § 841(b)(1)(A)-(C) (emphasis added); quoted in *United States. v. Candelario*, 240 F.3d 1300, 1306 n. 6 (11th Cir. 2001).

[3] *See also* doc. 661 at 41-42 (sentencing hearing where Myers, through counsel, agrees that he did "not deny the earlier possession with intent to distribute conviction. . . ."); doc. 417 at 2 (§ 851 enhancement based on the PWID conviction); doc. 1262 (Myers' § 2255 response brief *not* disputing PWID conviction's validity but instead nonsensically insisting that "a second bite of the apple is prohibited.").

3

851-enhanced sentence remains intact.

Where the loss of an aggravating factor makes no difference in the outcome, § 2255-based relief is not warranted. *See, e.g., Smith v. Warden, FCC Coleman-Low*, 503 F. App'x 763, 766 (11th Cir. 2013). Myers' § 2255 claim thus fails, even though one of the aggravating factors (one of Myers' prior state convictions) dropped out.[4]

Andre Christopher Myers' § 2255 motion must therefore be **DENIED**. Doc. 1206. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C.

---

[4] Note that "[t]he sum total effect of Myers' marijuana conviction on his federal sentence was three criminal history points that raised his Guidelines criminal history category from II to III." Doc. 1261 at 9 n. 2 (*see also* PSI §§ 33, 36). Again, however, he faced up to a life sentence based on the quantity of drugs involved in his *federal* case -- his offense level of 44 exposed him to that. *See* PSI ("Sentencing Recommendation"); doc. 661 at 4-14 (during the sentencing hearing his retained counsel and the prosecutor battled over the PSR's *quantity* determination, not its recitation of Myers' prior state convictions); *id.* at 14, 38, 42 (district judge attributing to Myers cocaine amount required to support offense level of 44). Hence, the now-vacated state conviction alters nothing here.

By the way, the Government essentially argued all of this on appeal, thus insisting that "remand would be a waste of time," doc. 1261-1 at 18, but the Eleventh Circuit insisted on remanding this case. The Government, which notes that Myers is due to be released in August 2016, doc. 1261 at 6, was right.

4

§ 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added).

**SO REPORTED AND RECOMMENDED**, this 6th day of June, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA